Stanard, J.
dissented from the opinion of Baldwin, J. on the question whether the entry of the junior patentee was an ouster of the senior patentee to the extent of the boundaries of the junior patent; the senior patentee being in actual possession of the land embraced within his patent lying without the bounds of the junior patent. He was of opinion that under such circumstances, the ouster only extended to the limits of the close of the junior patentee.
The following is the judgment of the court, in which the President and Stanard and Baldwin, J. concurred.
The court is of opinion that the instructions given by the said circuit court to the jury on the trial of the cause ought not to have been given; but that in lieu thereof, the said circuit court ought to have instructed the jury to the effect following, to wit:
1. If the jury shall believe that the grant from the commonwealth, under which the tenant claims, embraces the land in controversy; and that the same is also em *210 braced by the older grants from the commonwealth un¿er which the demandants claim; and that the demandants have acquired title to said land, under said older grants: then that such title is sufficient to enable the ¿eman(jants to maintain their writ of right, in the absence of a sufficient legal defence on the part of the tenant.
2. If the demandants, or those under whom they acquired title, had not actual possession of the land in controversy; and the tenant, or those under whom he claims, entered thereupon, claiming the same under their said younger grant, and took and held actual possession thereof, by residence, improvement, cultivation, or other open, notorious and habitual acts of ownership, and so continued the same under their said claim, for more than twenty-five years before the commencement of this suit, then that the demandants are, by force of the statute of limitations, barred from maintaining their writ of right.
3. The tenant cannot sustain his defence of continued adversary possession, if it shall appear from the evidence that such possession was, within said period of twenty-five years, abandoned by him, or those under whom he claims.
4. The tenant cannot sustain his said defence of continued adversary possession, if it shall appear from the evidence, that the demandants, or those under whom they claim, did, within said period of twenty-five years, enter upon the land in controversy, and take actual possession thereof, by such means as are mentioned in the second instruction.
5. That such entry of the demandants, or those under whom they claim, upon, and possession of the land within their older grants, not embraced by the younger grant of the tenant, could not have the effect of an entry upon and possession of the land in controversy.
And the court is further of opinion that there is no other error in said judgment: wherefore it is considered *211 by the court that the said judgment of said circuit court be reversed and annulled, and that the appellants recover against the appellee their costs by them expended in the prosecution of their appeal aforesaid here. And this court proceeding to render such judgment as the said circuit court ought to have given, it is further considered that the verdict of the jurors he set aside, and a new-trial awarded of the mise joined between the parties; and upon such new trial the instructions aforesaid given by said circuit court on the former trial are not to be repeated.